UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE

2007 APR -5  P 12: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| GLORIA INFURNA, <br> LORI A. CIANCIULLI, <br>     **Plaintiffs** <br><br> v. <br><br> BUREAU OF COLLECTION RECOVERY, INC. <br>     **Defendant** | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> )     MAGISTRATE JUDGE Collings <br> ) <br> ) <br> ) |

07 CA 10653 DPW

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b). In addition, the Massachusetts Division of Banks has promulgated a series of regulations designed to insure that debt collectors do not engage in unfair or deceptive conduct toward Massachusetts residents. Most of the prohibitions under the FDCPA and the Massachusetts regulations are designed to protect "any person," not only the consumer who is the target of collection activity.

Plaintiff Gloria Infurna was subjected to abusive and deceptive collection activity by defendant with respect to a consumer debt on which she was not, and never was,

obligated, a fact of which defendant was well aware. Defendant continued its unlawful collection activity toward Gloria even after her attorney - plaintiff Lori A. Cianciulli – requested that it cease contact with her. In addition, defendant acted deceptively and abusively in its dealings with Attorney Cianciulli.

## Parties

1. Plaintiff Gloria Infurna ("Gloria") is an individual who at all relevant times has resided in Salem, Essex County, Massachusetts.

2. Plaintiff Lori A. Cianciulli ("Cianciulli") is an individual and licensed attorney who at all relevant times has maintained a business office for the practice of law in Beverly, Essex County, Massachusetts.

3. Defendant Bureau of Collection Recovery is a collection agency with a principal place of business in Eden Prairie, Minnesota. Said defendant is a "debt collector" under the FDCPA and 209 CMR 18.02.

## Jurisdiction and Venue

4. Plaintiffs have asserted claims under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

6. In mid-December, 2006, Gloria received a letter from defendant which was addressed to Dominick Infurna. Gloria had been divorced from Dominick Infurna in or about June, 2005, and separated from him since mid-2004. Mr. Infurna passed away on November

10, 2006. The letter claimed that Dominick owed $11,656.96 to ACF-Household, and that this account had been placed with defendant for collection. The letter was dated December 8, 2006 and referenced account number 133595.

6. Gloria called defendant on December 18, 2006 and was connected with an employee who identified herself as "Marsha." Gloria explained that she was not obligated on the account, that Dominick had never lived at the address in Salem where the letter had been sent, that she had never used the account, and that at least some of the charges were likely fraudulent since Dominick had been in a nursing home since February, 2005. Marsha responded, falsely, that because Gloria had been married to Dominick during the time the debt was incurred she was legally responsible for it and that defendant was intent on collecting it from her.

7. Extremely upset as a result of the above phone call, Gloria immediately engaged Cianciulli, a Massachusetts attorney, to handle the matter on her behalf. Later on December 18, Cianciulli called defendant and was connected to an employee who identified himself as "Joe." Cianciulli related the facts pertaining to Gloria, as described above. When Joe responded that Gloria was "on the account," Cianciulli replied that Gloria may have been an authorized user at some point but that she had not applied for credit and the subject account was not in joint names. After putting her on hold for some time, Joe returned to the call and told Cianciulli that Gloria was in fact "on the account" and not merely an authorized user. Cianciulli then explained that Gloria had never received any notice of the debt addressed to her - either from defendant or the original creditor – a fact which was inconsistent with Gloria being "on the account." At this point, Joe began yelling at Cianciulli, challenging her with "why should I believe

anything you are telling me?" When Cianciulli responded that she should be believed because she was a lawyer and he had no reason to doubt her, he simply chortled facetiously. After some exchanges of information, this conversation ended.

18. On December 18, 2006, Cianciulli both faxed and mailed a letter to defendant using the fax number and address provided to her by defendant. The facsimile transmission was confirmed as successful, and the mailing was never returned to Cianciulli as undeliverable. This letter recited the facts described above, again informed defendant of Cianciulli's representation, reiterated that all further communications should go through her, and requested proof of the debt and Gloria's alleged obligation on the account.

19. Shortly after 9:00 a.m. on December 26, 2006 – the day after Christmas – Gloria received a call from an employee of defendant who identified himself as "Mark Summers." Summers demanded that Gloria make payment on the subject account. Gloria explained that she had engaged counsel to deal with this matter who had already spoken to defendant, that he should not have called her, and that it was not her debt. She also explained that she was about to undergo surgery for possible lung cancer. Nonetheless, Summers began yelling at Gloria, telling her she was wrong about not being responsible for the debt and demanding that she pay it. Gloria became distraught as a result of this call, and immediately notified Cianciulli.

20. Cianciulli called Summers within an hour. When Cianciulli asked him why he had called Gloria after defendant had been notified that she was represented by counsel and was disputing the debt, he responded sarcastically: "What's to dispute? You can't be serious." Cianciulli explained that she had provided details regarding the dispute in her December 18 letter, and reiterated that all contact should go through her. Summers

responded: "You lawyers think you can send a letter and we are going to stop what we're doing." Cianciulli replied "yes, that is what I think," and offered to send the letter again. Summers then yelled at her and hung up the phone. Cianciulli tried calling Summers back twice that same day to try to resolve matters, identifying herself both times. The first time she was informed the call could not be put through, and the second time she was put on hold for 4-5 minutes before being informed that Summers was not picking up.

### Claims Asserted by Gloria Infurna under the FDCPA

### COUNT I

21. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, and misleading representation and means in connection with the attempted collection of a debt on which Gloria was not obligated.

23. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her actual damages;

    b. awarding her statutory damages;

    c. awarding her interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

### COUNT II

24. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

25. Defendant engaged in conduct the natural consequence of which was to harass, oppress, and abuse Gloria, in violation of 15 U.S.C. §1692d.

26. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her actual damages;

    b. awarding her statutory damages;

    c. awarding her interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

## COUNT III

27. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

28. Defendant used unfair and unconscionable means to attempt to collect the alleged debt from Gloria, in violation of 15 U.S.C. §1692f.

29. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her actual damages;

    b. awarding her statutory damages;

    c. awarding her interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

## COUNT IV

30. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

31. Defendant contacted Gloria after having been notified of Attorney Cianciulli's representation in violation of 15 U.S.C. §1692c.

32. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

   a. awarding her actual damages;

   b. awarding her statutory damages;

   c. awarding her interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT V

33. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

34. Defendant failed to provide Gloria with the notices required by 15 U.S.C. §1692g.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

   a. awarding her statutory damages;

   b. awarding her costs and reasonable attorney's fees;

   c. awarding such further relief as shall be just and proper.

### Claims Asserted by Gloria Infurna under G.L. c. 93A

35. With respect to all claims for relief under G.L. c. 93A, Gloria alleges:

(a) At all relevant times defendant was engaged in trade or commerce within the meaning of G.L. c. 93A, section 1.

(b) On January 17, 2007, Gloria – through counsel – sent to defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L.c. 93A, section 9 which reasonably described the conduct complained of and injuries suffered.

(c) Defendant received said demand for relief on January 20, 2007.

(d) Defendant failed to make a reasonable written tender of settlement within 30 days of receipt of Gloria's demand.

(e) Defendant's failure to make a timely and reasonable written tender of settlement was in bad faith with knowledge and reason to know that its conduct violated G.L. c. 93A, section 2.

### COUNT VI

36. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

37. Defendant violated 209 CMR 18.16 and G.L. c. 93A by using false, deceptive, and misleading representations and means in attempting to collect a debt on which Gloria was not obligated, and said conduct was willful and knowing.

38. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

   a. awarding her actual damages or $25, whichever is greater;

   b. doubling or trebling any actual damages awarded;

   c. awarding her interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT VII

39. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

40. Defendant engaged in conduct the natural consequence was to harass, oppress, and abuse Gloria in violation of 209 CMR 18.18 and G.L. c. 93A, and said conduct was willful and knowing.

41. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

   a. awarding her actual damages or $25, whichever is greater;

   b. doubling or trebling any actual damages awarded;

   c. awarding her interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT VIII

42. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

43. Defendant used unfair and unconscionable means in attempting to collect the alleged debt from Gloria in violation of 209 CMR 18.17 and G.L. c. 93A, and said conduct was willful and knowing.

44. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her actual damages or $25, whichever is greater;

    b. doubling or trebling any actual damages awarded;

    c. awarding her interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

### COUNT IX

45. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

46. Defendant contacted Gloria after having been notified of her representation by counsel, in violation of 209 CMR 18.14(1)(b), 18.14(3), and 18.18(2) and G.L. c. 93A, and said conduct was willful and knowing.

47. Defendant's unlawful conduct caused Gloria to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her actual damages or $25, whichever is greater;

    b. doubling or trebling any actual damages awarded;

    c. awarding her interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

## COUNT X

48. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

49. Defendant failed to provide Gloria with the notice required by 209 CMR 18.18(1) in a timely fashion.

WHEREFORE, plaintiff Gloria Infurna prays that this Honorable Court enter judgment:

    a. awarding her $25;

    b. awarding her costs and reasonable attorney's fees;

    c. awarding such further relief as shall be just and proper.

### Claims Asserted by Lori A. Cianciulli under the FDCPA

## COUNT XI

50. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

51. Defendant violated 15 U.S.C. §1692e by using false, deceptive, and misleading representations and means in its dealings with Cianciulli in connection with the attempted collection of the alleged debt.

WHEREFORE, plaintiff Lori A. Cianciulli prays that this Honorable Court enter judgment:

    a. awarding her statutory damages;

    b. awarding her costs and reasonable attorney's fees;

    c. awarding such further relief as shall be just and proper.

## COUNT II

52. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

53. Defendant engaged in conduct the natural consequence of which was to harass, oppress, and abuse Cianciulli, in violation of 15 U.S.C. §1692d.

WHEREFORE, plaintiff Lori A. Cianciulli prays that this Honorable Court enter judgment:

    a. awarding her statutory damages;

    b. awarding her costs and reasonable attorney's fees;

    c. awarding such further relief as shall be just and proper.

**Plaintiffs claim trial by jury.**

GLORIA INFURNA
LORI A. CIANCIULLI
By their attorney:

_____
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com